RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0187p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-3742

STEVEN D. FLOWERS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:04-cr-00223-1—Donald C. Nugent, District Judge.

Decided and Filed:  June 23, 2020

Before:  CLAY, COOK, and WHITE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Catherine Adinaro Shusky, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant.  Daniel R. Ranke, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge.  Defendant Steven Flowers appeals from the district court's denial of a motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  Flowers argues that the district court erred by suggesting that he was ineligible for a reduction because his guidelines range did not change since his original sentencing, even though the First Step Act only concerns statutory sentencing ranges.  The district court's opinion is somewhat unclear on this point, but even if it did consider Flowers

ineligible, that error was harmless because the court went on to deny his motion on the merits. On that point, Flowers says the court abused its discretion by failing to consider or give appropriate weight to a variety of factors when it declined to reduce his sentence. But the record reflects that the district court did consider Flowers' arguments and did not abuse its broad discretion in rejecting them. We therefore affirm the denial of Flowers' motion.

## BACKGROUND

In 2004, Steven Flowers was charged with possessing with intent to distribute over fifty grams of crack cocaine. Under then-governing law, that crime carried a mandatory minimum prison sentence of ten years. 21 U.S.C. § 841(b)(1)(A) (2004) (amended 2010). But if a person committed that crime after "a prior conviction for a felony drug offense," the mandatory minimum became twenty years, and for two prior drug felonies, the minimum sentence was life in prison. *Id.* Flowers fell into the last of these categories.

Rather than face trial and a mandatory life sentence upon conviction, Flowers entered into a plea agreement with the government. Under that agreement, Flowers pleaded guilty to the possession charge, but the government agreed to allege only one of his prior drug offenses, meaning his mandatory minimum would be twenty years rather than life. But regardless of the mandatory minimum, Flowers was also classified as a career offender under the sentencing guidelines, and so his guidelines sentencing range was 262 to 327 months—the low end being just shy of two years more than the statutory minimum. While Flowers moved for a downward departure, at the time of his sentencing, the guidelines were mandatory because *United States v. Booker*, 543 U.S. 220 (2005), had not yet been decided. Thus, because the district court found that there was no legal basis supporting a downward departure, it sentenced Flowers to the lowest level in the guidelines range: 262 months.

After Flowers' sentencing, several things happened. First, just over three months later, the Supreme Court decided *Booker*, which rendered the guidelines advisory, 543 U.S. at 259–60, 264–65. Second, Congress passed the Fair Sentencing Act of 2010, which reduced the mandatory minimum for Flowers' conviction from twenty years to ten. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372; 21 U.S.C. § 841(b)(1)(B) (2020). Third, and perhaps most importantly,

Congress passed the First Step Act of 2018.  Prior to the First Step Act, the reductions under the Fair Sentencing Act were not retroactive. *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc).  But under the First Step Act, a criminal defendant sentenced before the Fair Sentencing Act was passed can now move for a sentence reduction if the 2010 law modified the statutory penalties for that crime.  First Step Act § 404. In effect, this made the Fair Sentencing Act retroactive. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (order).

In 2019, Flowers moved for such a reduction under the First Step Act.  In his motion, Flowers argued that he was eligible for relief because the Fair Sentencing Act had modified the statutory minimum for his conviction, which is all that is required under the First Step Act.  He then went on to argue that the district court should exercise this discretion and reduce his sentence because, were Flowers sentenced today, he would not qualify as a career offender under the guidelines.  This is because Ohio amended the state statute under which he was previously convicted such that it would no longer qualify as a felony drug offense, which in turn could have substantially lowered his guidelines range.[1]  Finally, Flowers also argued that his educational accomplishments and limited disciplinary record in prison meant that the court should grant a reduction in his sentence.

Although the government agreed that Flowers was "technically eligible for a sentence reduction," it argued that the court should not grant such a discretionary reduction.  (Opp'n, R. 40 at PageID #162.)  This is because Flowers' guidelines range was unchanged from the time of his original sentencing, and the court should not revisit the original guidelines determination or consider a variance from those guidelines (as now authorized under *Booker*).  But, if the court did consider such a request for a variance, the government argued that Flowers' original sentence was still reasonable, and so his motion should nevertheless be denied.

The district court (and the same judge who imposed the original sentence) largely denied Flowers' motion.  *United States v. Flowers*, No. 1:04-CR-223, 2019 WL 3068204 (N.D. Ohio

---

[1]Flowers also tried to preempt a possible argument from the government that he "is precluded from obtaining relief under the First Step Act due to his being classified as a career offender at the time of his sentence" (Mot. to Reduce Sentence, R. 39 at PageID #118), but the government never made such an argument.

July 12, 2019).**²** The court noted that "[b]oth parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Flowers' original sentencing, his mandatory minimum sentence would have been reduced from twenty years to ten years." *Id.* at *1. But the court agreed with the government's argument that Flowers' sentence should not be reduced "because his sentence was based on the guideline range that corresponded to his total offense level and criminal history category, which have not changed, and was not affected by the mandatory minimum in place at the time." *Id.*

> The court elaborated as follows:

> Even if the Court accepts Mr. Flowers' position that a defendant may receive a reduced sentence under the First Step Act, whether or not his guideline range changed, Mr. Flowers' sentence is the same sentence that this Court would have imposed if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Under the terms of the Act, this is the standard the Court is required to consider. Even though his mandatory minimum sentence was reduced by the Act, the guideline range applicable to his case has not changed. Taking into account the new statutory range, the guideline range, the factors in 18 U.S.C. § 3553(a), and Mr. Flowers' evidence of post-sentencing mitigation, the Court finds that a sentence within the guideline range was and remains justified by a variety of considerations previously set forth in the plea agreement and discussed at his original sentencing. The Court did not consider the mandatory minimum statutory sentence in effect at the time of his original sentencing as a substantial factor in determining his sentence. Further, the upper end of the statutory maximum applicable to Mr. Flowers' case has not changed. Finally, there is no evidence of anything significant in his post-conviction behavior that would warrant a change in his original sentence. Mr. Flowers has apparently taken advantage of some education courses, but has also been the subject of minor disciplinary infractions. Therefore, no reduction in his term of incarceration is warranted.

*Id.*

The court also rejected Flowers's argument regarding his career offender status because the state statute of which he was convicted *was* a felony at the time of his conviction, and the state legislature had not made its amendment retroactive. *Id.* at *2. Thus, in the district court's view, Flowers remains a career offender today, and so his guidelines range was unchanged. *Id.*

---

**²**The court lowered Flowers' mandatory term of supervised release, which was also reduced by the Fair Sentencing Act. *Flowers*, 2019 WL 3068204, at *1–2.

The court noted that this would be a different question if, say, a statute had been declared unconstitutional, because "it should not perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the First Step Act's directives." *Id.* But since the state statutory amendment did not implicate any constitutional right, it could not retroactively be applied in the context of Flowers' motion. *Id.*

On appeal, Flowers first keys in on the district court's statement that "[e]ven if the Court accepts Mr. Flowers' position that a defendant may receive a reduced sentence under the First Step Act, whether or not his guideline range changed," it would still deny relief. *Id.* at *1. According to Flowers, this shows that the district court actually considered him to be ineligible under the First Step Act, and so this error alone requires reversal.

Moving beyond this statement, Flowers argues that the court erred in its discussion of his career offender status because it suggested the court could not consider the current state of the law in assessing whether to grant a reduction. In this, Flowers said that his argument about career offender status may have been misconstrued below, and that "[t]he point was not to re-litigate [Flowers' career offender] classification but to have the court consider the change in the law as a reflection of the change in the community's position as to the severity of the offense and the need for the sentence imposed." (Appellant Br. at 18.) Flowers also argued that the district court should not have relied on the fact that it "did not consider the mandatory minimum statutory sentence in effect at the time of his original sentencing as a substantial factor in determining his sentence," *Flowers*, 2019 WL 3068204, at *1, because at the time of his sentencing, the guidelines were mandatory and thus prevented any consideration of the lower mandatory minimum. Finally, Flowers says that the district court clearly erred in saying there was "no evidence of anything significant in his post-conviction behavior that would warrant a change in his original sentence," *Flowers*, 2019 WL 3068204, at *1, given the extent of his prison education. We address each of these arguments below.

## DISCUSSION

### A.  Standard of Review

The district court's denial of a motion for sentence reduction under the First Step Act is reviewed for an abuse of discretion.  *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment."  *Landrum v. Anderson*, 813 F.3d 330, 334 (6th Cir. 2016) (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)).  Similarly, a "district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law."  *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007). "[Q]uestions of statutory interpretation are reviewed de novo."  *United States v. Lawrence*, 735 F.3d 385, 405 (6th Cir. 2013).

### B.  Eligibility for Resentencing

Flowers' first argument on appeal is that the district court erred by implicitly deeming him ineligible for relief under the First Step Act because Flowers' guidelines range did not change.  Flowers believes the district court made such an error because it addressed the merits of his motion after saying, "[e]ven if the Court accepts Mr. Flowers' position that a defendant may receive a reduced sentence under the First Step Act, whether or not his guideline range changed," *Flowers*, 2019 WL 3068204, at *1, with the "[e]ven if" language suggesting that the court did not actually think Flowers was eligible.

Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." § 404(b) (citation omitted). Within that provision, "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." § 404(a) (citation omitted).  The only limitations on eligibility for relief under the act are for sentences already imposed or reduced in accordance with those sections of the Fair Sentencing Act, or if an earlier motion for a sentence reduction under the First Step Act was denied on the merits.  § 404(c).

To the extent that the district court considered Flowers ineligible for relief, that determination was in error. The statutory penalties for his crime of conviction were modified by the Fair Sentencing Act, and none of the First Step Act's other limitations apply to him. Under the plain language of this statute, Flowers is eligible for relief, and the sentencing guidelines are irrelevant to that threshold determination. *See United States v. Beamus*, 943 F.3d 789, 791–92 (6th Cir. 2019) (per curiam) ("Beamus is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense. That the Sentencing Guidelines also would have applied differently does not affect his eligibility for resentencing."); *see also United States v. Maxwell*, 800 F. App'x 373, 377 (6th Cir. 2020) (discussing First Step Act eligibility).

That said, any possible error on this point was harmless. This is because the district court went on to address the merits of Flowers' motion and found that his "sentence is the same sentence that [it] would have imposed if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Flowers*, 2019 WL 3068204, at *1. Because we can be certain that any potential error with respect to eligibility did not affect the outcome of Flowers' motion, that error was harmless and cannot support reversal. *See, e.g.*, *Williams v. United States*, 503 U.S. 193, 203 (1992) (discussing harmless error in sentencing cases); *United States v. Johnson*, 467 F.3d 559, 564–65 (6th Cir. 2006) (same); *United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006) (finding a sentencing error harmless when the reviewing court can be sure that the district court would have imposed the same sentence even without the error); *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *cf. Molina-Martinez v. United States*, 136 S. Ct. 1338, 1348 (2016) (finding that a sentencing error prejudiced the defendant because "[t]he District Court said nothing to suggest that it would have imposed [the same] sentence" absent the error). Thus, we proceed to address the district court's denial of Flowers' motion on the merits.

## C. Merits of Flowers' First Step Act Motion

While a defendant may be eligible for relief under the First Step Act, this does not mean that he is entitled to it. In fact, the act specifically says that "[n]othing in [section 404 of the First Step Act] shall be construed to require a court to reduce any sentence pursuant to this section."

§ 404(c).  Thus, "[t]he First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *Beamus*, 943 F.3d at 792; *see also Maxwell*, 800 F. App'x at 378 ("The First Step Act merely unlocks the door to resentencing . . . . But it is still up to the district court to open that door.").  In exercising this discretion, the district court must consider the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing.  *United States v. Boulding*, No. 19-1590, --- F.3d ---, 2020 WL 2832110, at *7–8 (6th Cir. June 1, 2020);[3] *United States v. Foreman*, 958 F.3d 506, 513–14 (6th Cir. 2020); *see also United States v. Allen*, 956 F.3d 355, 357–58 (6th Cir. 2020) (explaining that the First Step Act contemplates a review of the defendant's sentence under the § 3553(a) factors).

Flowers points to three things that—according to him—demonstrate the district court abused this discretion in denying his First Step Act motion.  Specifically, Flowers says the district court erred (1) in its treatment of the change in Ohio law with respect to his career offender status, (2) by noting that it had not relied on the mandatory minimum when imposing the original sentence, because his then-mandatory guidelines range was higher than that mandatory minimum, and (3) by discounting his in-prison education.  None of these amounts to an abuse of discretion.

First, Flowers claims that the district court "concluded it could not consider the current state of the law as a factor in deciding whether to exercise its discretion and grant a sentence reduction." (Appellant Br. at 18–19.)  But this is not what the district court said.  In his motion below, Flowers said because of the change in Ohio law, he "is *not* a career offender" and so should be sentenced in line with a significantly reduced guidelines range.  (Mot. to Reduce Sentence, R. 39, at PageID #117–18.)  The court addressed this argument by noting that Ohio's change in law was not retroactive and thus did not impact Flowers' sentencing range under the guidelines.  *Flowers*, 2019 WL 3068204, at *2.  Nowhere did the court say it lacked the authority to consider whether Ohio's change in law reflected a change in community beliefs as to the

---

[3]In *Boulding*, we held that the defendant must have "an opportunity to present his objections to [the district court's] calculation of his amended guideline range," 2020 WL 2832110, at *9, but Flowers makes no such procedural argument. Nor does he argue that his guideline range has changed from his original sentencing.

seriousness of Flowers' crimes.  Indeed, the court expressly noted that it considered the factors under 18 U.S.C. § 3553(a) in deciding to maintain Flowers' existing sentence.  *Id.* at *1–2.**[4]**

Second, the district court, in the course of explaining why it denied Flowers' motion, noted that it "did not consider the mandatory minimum statutory sentence in effect at the time of his original sentencing as a substantial factor in determining his [original] sentence."  *Id.* at *1.  According to Flowers, because the guidelines were mandatory at the time of his original sentencing, the court had no authority to consider this lower statutory minimum, and so it should not have noted that as a reason for denying his First Step Act motion.

This argument again misconstrues the import of the district court's comment and the scope of relief afforded by the First Step Act.  As noted above, the purpose of the act is to retroactively apply the Fair Sentencing Act, and so courts are discretionarily permitted to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  First Step Act § 404(b) (citation omitted); *accord Alexander*, 951 F.3d at 707–08.  If, when a court originally imposed a sentence, it specifically relied on a mandatory minimum that was later amended by the Fair Sentencing Act, that fact would be a strong reason to grant resentencing under the First Step Act, since it in turn suggests that the sentencing court might have imposed a lower sentence were it not for that mandatory minimum.  So, by noting that this was not the case, the district court was simply ruling out one reason why it might have granted the motion, rather than relying on this as an independently adequate reason to deny it.**[5]**  *See Flowers*, 2019 WL 3068204, *1 (noting several factors the court considered, including the § 3553(a) factors, in deciding that Flowers' existing sentence "is the same sentence that [the court] would have imposed if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed"); *cf. Chavez-Meza v. United*

---

**[4]**Flowers also notes that the court should have considered amendments to the non-career-offender sentencing guidelines for crack cocaine as further evidence of a change in community opinions about the seriousness of his offense, but this fails for the same reason as his argument about Ohio law.

**[5]**Flowers' argument that the district court was wrong to point out that his statutory maximum sentence was unchanged fails for the same reason.

*States*, 138 S. Ct. 1959, 1965–67 (2018) (discussing the extent to which the district court must explain its reasoning in a sentence-reduction case).[6]

Finally, Flowers says the district court's statement that "there is no evidence of anything significant in [Flowers'] post-conviction behavior that would warrant a change in his original sentence," *Flowers*, 2019 WL 3068204, at *1, was factually erroneous because of his significant prison educational accomplishments and minimal disciplinary record. This argument confuses factual findings—which are reviewed for clear error—and the importance the district court places on those findings—which here is reviewed for an abuse of discretion. *Cf., e.g.*, *Holt v. City of Battle Creek*, 925 F.3d 905, 910–11 (6th Cir. 2019) (discussing the clear error standard for review of factual findings). In this case, the district court found that Flowers "has apparently taken advantage of some education courses, but has also been the subject of minor disciplinary infractions," finding in sum that this post-conviction record was not significant enough to warrant a lower sentence. *Flowers*, 2019 WL 3068204, at *1. The First Step Act gives the district court broad discretion in deciding whether a given fact is significant enough to merit a reduction in sentence, and it did not abuse this discretion by deciding that Flowers' record failed to fit this bill. *See, e.g.*, *Landrum*, 813 F.3d at 334 (requiring "a definite and firm conviction that the trial court committed a clear error of judgment" before reversing for an abuse of discretion (quoting *Burrell*, 434 F.3d at 831)).

## CONCLUSION

For the reasons stated above, we affirm the denial of Flowers' First Step Act motion.

---

[6]To be sure, a district court cannot deny a First Step Act motion by treating the sentencing guidelines as mandatory because the defendant was originally sentenced prior to *Booker*. Even if a court should decide a First Step Act motion "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act," *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019)—a question this Court has not squarely addressed—this legal retrospective cannot include the application of an unconstitutional statute. Though only later *declared* unconstitutional, the mandatory-guidelines provision always *was* unconstitutional, and so cannot be relied on by a court when considering a First Step Act motion. *See, e.g.*, *Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."); *cf. United States v. Magouirk*, 468 F.3d 943, 947 (6th Cir. 2006) ("[A] district court judge who treats the Guidelines as mandatory in imposing a sentence in this post-*Booker* world necessarily commits plain error."). But there is no evidence that the district court committed such an error here, and Flowers has not argued this in his brief on appeal.