NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0076n.06

Case No. 20-3666

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JOHN MONTERO, | ) | DISTRICT OF OHIO |
| Defendant-Appellee. | ) | |
| | ) | **O P I N I O N** |
| | ) | |

FILED

Feb 05, 2021

DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, CLAY, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. John Montero, a federal prisoner proceeding with counsel, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because the district court did not abuse its discretion in denying Montero's motion, we affirm.

I.

On July 19, 2017, Montero and eleven others were named in a multi-count drug-conspiracy indictment. Montero pleaded guilty to Count 1. In his plea, he admitted to selling substantial quantities of crack cocaine and possessing both cocaine and a firearm as part of the conspiracy, in violation of 21 U.S.C. § 846. The district court sentenced him to imprisonment for 77 months.

On April 20, 2020, Montero submitted a request for compassionate release to the Warden of FCI Elkton. The Warden denied the request on May 1, 2020. Three days later, Montero filed

his motion for compassionate release in federal court.[1] He claimed that his release was justified because he was a non-violent drug offender with certain medical conditions—asthma and blood clotting—that rendered him more susceptible to COVID-19. He later claimed that he tested positive for COVID-19.

The district court denied Montero's motion on the merits after finding that he failed to demonstrate extraordinary and compelling reasons to justify compassionate release, and alternatively that he remained a danger to the community. Montero appeals.

## II.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (order). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But that prohibition has exceptions, including one known as "compassionate release." *Id.* at § 3582(c)(1)(A)(i). We have recently issued a series of opinions articulating how district courts should analyze defendant-filed motions seeking compassionate release. *See United States v. Ruffin*, 978 F.3d 1000, 1006–07 (6th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Hampton*, --- F.3d ---, No. 20-3649, 2021 WL 164831, at *1–2 (6th Cir. Jan. 19, 2021). "In resolving those motions, district courts now face two questions: (1) whether

---

[1] On May 6, 2020, two days after filing his motion for compassionate release in federal court, Montero is said to have appealed the Warden's denial of his request for compassionate release. Evidence of that appeal is not in the record. But the Government does not contend that Montero failed to appeal.

extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions." *Hampton*, 2021 WL 164831, at *1. To that end, district courts need not confine themselves to evaluating "extraordinary and compelling reasons" as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

On appeal, Montero first argues that the district court abused its discretion by finding that no extraordinary and compelling reasons justified his release. He contends that the court impermissibly failed to consider his asthma and mischaracterized his blood clotting issues. We disagree.[2]

A district court has "full discretion" in determining whether an extraordinary and compelling reason justifies compassionate release where, as here, a defendant files a motion for compassionate release. *See Jones,* 980 F.3d at 1109. In finding that Montero did not demonstrate an extraordinary and compelling reason justifying his release, the district court recognized the dangers of the COVID-19 pandemic and expressed its sympathy to the increased risk of exposure and illness that prisoners face. It also found that Montero failed to show that he was at a substantially higher risk compared to others similarly situated and that although he tested positive

---

[2] In his reply brief, Montero also argues that, generally, district courts should not defer to the Sentencing Commission's limited definition of "extraordinary and compelling reasons." We agree. As our recent decisions have clarified, district courts need not defer to that definition for defendant-filed compassionate release motions. *See, e.g.*, *Elias*, 984 F.3d at 519. However, the district court's denial of Montero's motion in this case was justified entirely by its finding that Montero failed to demonstrate "extraordinary and compelling reasons" as required under the statute, without any reference to the Sentencing Commission's additional application notes. *See United States v. Robinson*, No. 20-5929, 2021 WL 71545, at *2 (6th Cir. Jan. 6, 2021) (order) (affirming denial of compassionate release motion when district court did not rely on commentary to USSG § 1B1.13). That remains a "permissible ground[]" for a district court to refuse to reduce a sentence. *Hampton*, 2021 WL 164831, at *1.

We also note that there may be questions about whether Montero exhausted his administrative remedies and whether he waited the requisite thirty days after the Warden's receipt of his request before filing his motion for compassionate release. However, we do not decide those questions because they are not jurisdictional, and the Government does not raise them on appeal. *See Ruffin*, 978 F.3d at 1004.

for the virus, his alleged symptoms were not life-threatening. Moreover, the court found that he provided no evidence demonstrating that he suffered from one of the risk factors identified by the Centers for Disease Control and Prevention (CDC) that would place him at a higher risk of a severe outcome. In doing so, the district court did not specifically mention Montero's asthma. Failing to do so was not an abuse of discretion. *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is common practice in assessing compassionate-release motions.").

To be sure, the CDC has identified moderate to severe asthma as a risk factor for more severe illness from COVID-19. *See Clinical Care Guidance for Healthcare Professionals About Coronavirus (COVID-19)*: *People with Certain Medical Conditions,* Centers for Disease Control, https://tinyurl.com/y3ewlf2p (last visited Jan. 25, 2021). And the Government concedes that in light of the COVID-19 pandemic, Montero's asthma—if it were moderate to severe—could constitute an extraordinary and compelling reason justifying his release. But Montero did not contend at the district court level that he had moderate to severe asthma, nor does he do so on appeal. Moreover, as the district court noted, although Montero tested positive for COVID-19, he only complained of losing his sense of taste and smell. He did not allege that he experienced trouble breathing or provide medical records evidencing such trouble. Instead, he noted that his asthma was under control, thanks to an albuterol inhaler provided by FCI Elkton. At bottom, the district court did not abuse its discretion by failing to mention Montero's asthma, which was not alleged to be moderate to severe, but was reportedly under control, and was not exacerbating his COVID-19 infection.

Nor did the court abuse its discretion in finding that Montero's blood clotting issue was not an extraordinary and compelling reason justifying compassionate release. The district court specifically considered Montero's blood clotting and highlighted that he was already taking blood

thinners as treatment. Its further suggestion that Montero's pre-existing course of treatment might serve as an additional layer of protection against blood clotting caused by his COVID-19 infection was supported by a medical study Montero cited in his own motion seeking release. Contrary to Montero's contention, that suggestion does not render the court's ultimate finding an abuse of discretion. *See United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010) (noting that a clearly erroneous factual finding must strike the court "as more than just maybe or probably wrong; it must strike us as wrong with the force a five-week-old, unrefrigerated dead fish" (quoting *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990))).

Montero also argues that the district court abused its discretion by finding that he was a danger to the community under USSG § 1B1.13. Because the district court did not abuse its discretion in denying Montero compassionate release based on its primary finding that no extraordinary or compelling reasons justified a reduction in his sentence, we need not address the district court's alternative finding under § 1B1.13.

We affirm.