NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0273n.06

No. 20-1868

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **FILED** |
| v. | ) | Jun 03, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| JOHN LEE BONDS, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Defendant-Appellant. | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |

BEFORE:    SUTTON, Chief Judge; DAUGHTREY and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  Defendant John Lee Bonds, proceeding without the assistance of counsel, appeals a district court order denying his motion for a reduction of sentence filed pursuant to the provisions of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Because we conclude that the district court did not abuse its discretion in denying the requested relief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2009, Bonds pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing cocaine base. At that time, because Bonds had been convicted of a prior felony drug offense, he faced a statutory penalty of not less than 20 years in prison.  21 U.S.C. § 841(b)(1)(A) (2006); 21 U.S.C. § 841(b)(1)(A) (2008).  In calculating an appropriate sentence, the district court considered Bonds's criminal history, applied relevant sentencing enhancements, granted a three-level

decrease in the offense level for acceptance of responsibility, and granted the government's motion pursuant to section 5K1.1 of the United States Sentencing Guidelines for an additional three-level downward departure due to substantial assistance provided by Bonds. Doing so, the district court determined Bonds's sentencing range to be 240 to 293 months. Due in large part to Bonds's "long, serious, and violent criminal history," the district court imposed a sentence in June 2010 that included a prison term of 293 months, ten years of supervised release, a $5,000 fine, and a $100 special assessment.

Following amendments to the Sentencing Guidelines that would have reduced Bonds's base offense level by two levels, *see* U.S.S.G. Am. 782, Bonds moved, pursuant to the provisions of 18 U.S.C. § 3582(c)(2), for a reduction in sentence. In June 2016, despite expressing reluctance to order any reduction in the sentence "[b]ecause of Bonds'[s] past behavior of drug dealing and violence and the Court's fear that Bonds will revert to his violent and illegal lifestyle," the district court ultimately granted a reduction of 24 months, lowering the defendant's prison sentence to 269 months. We affirmed that judgment on appeal. *United States v. Bonds*, No. 16-1860 (6th Cir. Mar. 22, 2017) (order).

On December 21, 2018, the President signed into law the First Step Act of 2018, which in relevant part, made certain provisions of 2010's Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), retroactive to individuals, like Bonds, who first were sentenced prior to the enactment of that 2010 legislation. In response to that enactment, Bonds again filed motions for a sentence reduction, later supplemented by information regarding his receipt of his GED while in prison and a commendation he received for assisting prison officials in helping an injured inmate despite the risk to his own safety.

The district court, the government, and Bonds all agreed that his offense of conviction was a "covered offense" that entitled him to seek a sentence reduction under the provisions of the First Step Act. *See* First Step Act § 404(a) and (b). Furthermore, all interested parties concurred with the assessment of the United States Probation Office that Bonds's amended Guidelines sentencing range now was 188 to 235 months in prison. In the end, however, the district court refused to reduce the 269-month sentence already in place, noting that Bonds had an extensive criminal history, that the original plea agreement had saved Bonds from a mandatory life sentence, that Bonds had resumed his criminal activity shortly after being released from prison on a prior occasion, and that Bonds had committed a prison infraction only months prior to the district court's sentencing ruling.

Bonds now appeals that denial of a sentence reduction, insisting that the district court abused its discretion in failing to grant him relief. He also argues that his prior felony drug offense—delivery of marijuana—no longer can serve to enhance his sentence for the drug conspiracy because he was sentenced to only five months in jail for that earlier state offense.

## DISCUSSION

We review a district court's denial of a motion for a reduction in sentence under the First Step Act for an abuse of discretion. *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020). We have defined "abuse of discretion" as "a definite and firm conviction that the trial court committed a clear error of judgment," *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citation omitted), which occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007) (citation omitted).

Although Bonds was *eligible* for a sentence reduction under the First Step Act, that legislation states explicitly in section 404(c) that "[n]othing in [section 404] shall be construed to *require* a court to reduce any sentence pursuant to this section." (Emphasis added.) *See also Flowers*, 963 F.3d at 498 ("While a defendant may be eligible for relief under the First Step Act, this does not mean that he is entitled to it."). We have held that in exercising its discretion in First Step Act cases, a district court still "must consider the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498. (citations omitted).

Here, the district court agreed with the amended Guidelines range calculated by the Probation Office. Nevertheless, in determining an appropriate sentence for Bonds, the district court reiterated its prior characterization of Bonds as a "vicious and dangerous person" and listed 14 reasons supporting that conclusion, including Bonds's regular use of firearms, his threats toward other individuals, his flight from police and from a halfway house, his leadership role in the drug conspiracy for which he was sentenced, his criminal recidivism, and his record of disciplinary actions while incarcerated. Then, to indicate fulfillment of its sentencing responsibilities, the district court concluded:

> The Court has also considered Bonds'[s] exhibits and his most recent post-sentencing conduct. The Court congratulates Bonds on obtaining his GED and his other achievements. Despite these accomplishments, Bonds continues to show that he is still unwilling to follow rules. As recently as February 21, 2020, Bonds was sanctioned 90 days loss of commissary privileges and 30 days loss of telephone privileges for having an outside individual deposit money intended for Bonds into another inmates' [sic] prison account.

> Having considered the § 3553(a) sentencing factors and Bonds'[s] revised guideline range, the Court finds that the sentence of 269 months remains "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498. Therefore, the Court will exercise its discretion to not further reduce Bonds'[s] sentence.

We need not tarry over whether we might have resolved Bonds's motion for a sentence reduction differently. Our role on appeal simply is to determine whether the district court abused its broad discretion in coming to the conclusion that it did. Because the district court considered the amended sentencing range, analyzed the relevant § 3553(a) sentencing factors, and found that the sentence imposed was "sufficient but not greater than necessary to achieve the purposes of sentencing," no such abuse of discretion occurred in this case.

Bonds also contends that, as a result of provisions included in the First Step Act, he no longer should be subject to an enhanced mandatory minimum sentence for his conspiracy conviction. Bonds originally was subject to a 20-year mandatory minimum sentence because he previously had been convicted of the Michigan felony of delivery of marijuana, which was considered a prior "felony drug offense" "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44); Mich. Comp. Laws § 333.7401(2)(d)(iii) (providing a maximum penalty of "imprisonment for not more than 4 years[,] or a fine of not more than $20,000.00, or both"). Pursuant to section 401(a) of the First Step Act, however, the terminology of convictions qualifying for sentence-enhancement purposes was changed from 21 U.S.C. § 802(44)'s "felony drug offense[s]" to "serious drug felon[ies]," defined in 21 U.S.C. § 802(57)(A) as offenses "for which . . . the offender *served* a term of imprisonment of more than 12 months." (Emphasis added.) Because Bonds served only five months in jail for his delivery-of-marijuana conviction, he insists that his prior conviction cannot be considered a "serious drug felony," and he thus no longer qualifies for an enhanced statutory mandatory minimum penalty. Unfortunately for Bonds, however, even though the changes wrought by enactment of section 401 of the First Step Act *can* apply to offenses committed prior to the effective date of the Act, such application is permissible only when "a sentence for the offense has not been imposed as of [the] date of enactment." *See*

§ 401(c).  Because the First Step Act became effective on December 21, 2018, well after Bonds received his enhanced sentence, any retroactive effects of section 401 do not apply to Bonds.

## CONCLUSION

For the reasons discussed, the district court did not abuse its discretion in denying Bonds's motion for a sentence reduction pursuant to the provisions of the First Step Act.  We thus AFFIRM the judgment of the district court.