RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0247p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MILLICENT TRAYLOR,

*Defendant-Appellant*.

21-1565

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:16-cr-20437-3—Robert H. Cleland, District Judge.

Decided and Filed:  November 1, 2021

Before:  McKEAGUE, KETHLEDGE, and READLER, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Erin S. Shaw, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for
Appellee.  Millicent Traylor, Fort Worth, Texas, pro se.

_____

## OPINION

_____

Millicent Traylor, a pro se federal prisoner, appeals a district court order denying her
motion seeking a sentence reduction.  This case has been referred to a panel of the court that,
upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P.
34(a).

In 2018, a jury found Traylor guilty of conspiracy to commit health care fraud, 18 U.S.C.
§§ 1349, 1347;  conspiracy to pay and receive healthcare kickbacks, 18 U.S.C. § 371;  and five

counts of health care fraud, 18 U.S.C. § 1347.  The district court initially sentenced Traylor to 135 months in prison, which it reduced to 120 months at her recent resentencing.  This case concerns Traylor's third motion seeking a sentence reduction.  The district court denied both of her prior motions, and Traylor did not appeal from either of those denials.  *See United States v. Traylor*, No. 16-20437 (E.D. Mich. Apr. 22, 2020); *United States v. Traylor*, No. 16-20437, 2020 WL 5405866 (E.D. Mich. Sept. 9, 2020); *United States v. Traylor*, No. 20-1542, 2021 U.S. App. LEXIS 22765, at *6–7 (6th Cir. July 30, 2021).  In the current motion, Traylor argues that, due to her various health ailments (e.g., diabetes, sleep apnea, asthma, obesity, being a recent organ transplant recipient, and use of immunosuppressive therapy), she is susceptible to contracting and becoming severely ill from COVID-19 in prison.  The district court denied the motion and Traylor's subsequent motion for reconsideration, concluding that Traylor had not demonstrated an extraordinary and compelling reason warranting a sentence reduction because she had received two doses of the Pfizer vaccine, thus significantly reducing her risk of contracting and becoming severely ill from COVID-19.  *United States v. Traylor*, No. 16-20437, 2021 WL 1852107 (E.D. Mich. May 10, 2021); *United States v. Traylor*, No. 16-20437, 2021 WL 2012841 (E.D. Mich. May 20, 2021).  On appeal, Traylor argues that the district court abused its discretion by holding that the risk posed by her medical conditions and COVID-19 did not constitute an extraordinary and compelling reason and by failing to address the 18 U.S.C. § 3553(a) factors.

A district court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction.  18 U.S.C. § 3582(c)(1)(A); *see United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020).  But when a defendant files a motion seeking a sentence reduction, as Traylor did, no policy statement applies, so the second requirement plays no role.  *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  We review the denial of a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) for abuse of discretion.  *Ruffin*, 978 F.3d at 1005.

Accepting the serious nature of Traylor's alleged medical conditions, her argument is foreclosed by our recent holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, --- F.4th ---, No. 21-5313, 2021 WL 4699249 (6th Cir. Oct. 8, 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The COVID-19 vaccine is available to inmates at Traylor's facility, and Traylor has received both doses of the Pfizer vaccine. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (Oct. 29, 2021, 3:00 PM) (listing the number of inmates and staff at each federal prison, including Traylor's facility, who have been fully vaccinated against COVID-19 at that facility). Therefore, we cannot say that the district court abused its discretion in determining that Traylor's circumstances are not extraordinary and compelling. And because the district court determined that there was no extraordinary and compelling reason to grant Traylor's motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *Elias*, 984 F.3d at 519. Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk