NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0006n.06

Case No. 21-2591

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 04, 2022<br>DEBORAH S. HUNT, Clerk |
| *Plaintiff-Appellee*, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| ROY EDWARD BROWNLEE, | ) | |
| *Defendant-Appellant*. | ) | O P I N I O N |

Before: GIBBONS, ROGERS, and NALBANDIAN, Circuit Judges

NALBANDIAN, Circuit Judge. Roy Edward Brownlee seeks compassionate release, citing the COVID-19 pandemic. But Brownlee has not established "extraordinary and compelling" reasons to warrant his release. Thus, the district court did not abuse its discretion in denying his motion. We AFFIRM.

I

In 2016, a jury convicted Brownlee of nine counts of drug and weapons violations. The court sentenced Brownlee to 360 months' imprisonment, the lowest end of his Guidelines range. Roughly three years later, Brownlee moved to end his sentence, claiming that the health risks presented by COVID-19 warranted compassionate release under 18 U.S.C. § 3582(c)(1)(A). Brownlee argued that his high blood pressure and obesity placed him at a high risk of serious COVID-19 complications. The government opposed Brownlee's motion, but without referring to

his vaccination status. So the district court directed the government to file a supplemental brief as to whether the Bureau of Prisons offered Brownlee a COVID-19 vaccine and whether he received the vaccine. The government explained that the Bureau of Prisons offered Brownlee a Pfizer vaccination shot, which he declined. The district court denied Brownlee's motion. And it found that the existence of COVID-19 and the possibility Brownlee could contract the disease did not present "extraordinary and compelling reasons" under § 3582(c)(1)(A). More specifically, the court emphasized that by refusing the vaccine, Brownlee had failed to mitigate the danger to his health and safety. As a result, the court did not weigh the 18 U.S.C. § 3553(a) factors. Brownlee now timely appeals.

II

We review the denial of a compassionate release motion for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (internal quotation omitted).

To start, Brownlee, not the Bureau of Prisons, sought compassionate release. So the district court had no need to consult U.S.S.G. § 1B1.13 policy statements. *See United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). In such cases, the district court may reduce a prisoner's term of imprisonment only if the court finds that "extraordinary and compelling" reasons warrant a reduction *and* that the § 3553(a) factors support a reduction. *See United States v. Sherwood*, 986 F.3d 951, 953–54 (6th Cir. 2021). So the district court may deny a motion for compassionate release if it finds either factor lacking, without addressing the other. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

We have, in these cases, allowed the district court to assume for the sake of argument that "extraordinary and compelling" reasons for release existed before then weighing the § 3553(a) factors. *See, e.g.*, *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). And, at least before COVID-19 vaccines became widely available, the government has, at times, conceded that "extraordinary and compelling" reasons existed when prisoners had health factors that put them at increased risk of COVID-19 complications. *See, e.g.*, *United States v. Bailey*, No. 20-5951, 2021 WL 3631341, at *2 (6th Cir. Aug. 17, 2021).

But we recently joined the Seventh Circuit in holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). In *Lemons*, the prisoner had received the first dose of the vaccine. We recognized that not everyone could receive the vaccine, so those prisoners may still be able to show "extraordinary and compelling" reasons for a sentence reduction. *Id.* "But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id.*; *see also Broadfield*, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

Brownlee doesn't justify his refusal to receive the vaccine with reasons that could allow us to conclude the district court abused its discretion. These reasons could perhaps include, for example, a sincerely held religious objection, an allergy to the vaccine, or another medical reason.

Instead, Brownlee cites: the vaccine's emergency use authorization, the fact that "numerous" Bureau of Prisons staff and health care workers across the country have refused the vaccine, "messaging failures" surrounding the vaccines, and general skepticism with the Centers for Disease Control and Prevention. (Appellant's Br. at 2–5.) Many Americans no doubt share some of these same concerns. But such concerns, even when genuinely held, are not enough to justify compassionate release. The Seventh Circuit, for example, decided that it "need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Broadfield*, 5 F.4th at 803; *see also United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[The prisoner] has never contended that he is medically unable to receive or benefit from the available vaccines."). We agree. Brownlee's concerns with the vaccine do not rise to the level that would render the district court's finding that he failed to present "extraordinary and compelling reasons" under § 3582(c)(1)(A) an abuse of discretion.

### III

For these reasons, the district court did not abuse its discretion in denying Brownlee's motion for a reduced sentence. We AFFIRM.