NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0004n.06

No. 21-2880

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jan 04, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MATTHEW TYLER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GRIFFIN, DONALD, and BUSH, Circuit Judges.

PER CURIAM. A jury convicted defendant Matthew Tyler of conspiracy to distribute 500 grams or more of methamphetamine, and he has served a little more than half of his 324-month sentence. Citing the COVID-19 pandemic (and health conditions that place him at greater risk should he contract the virus),[1] Tyler moved in June 2021 for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion for lack of an "extraordinary and compelling reason[]" to grant release, noting that infection rates at Tyler's prison were extremely low and that he was fully vaccinated against the virus. After the district court issued its order, we held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason'

---

[1]He also sought relief because he has served more time in prison than his codefendants but, on appeal, he does not take issue with the district court's rejection of this argument. Since he has abandoned this argument, we will not address it here. *See Bard v. Brown Cnty.*, 970 F.3d 738, 751 (6th Cir. 2020).

warranting a sentence reduction" under § 3582(c)(1)(A). *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (per curiam). Our precedent thus confirms that, because Taylor has access to the vaccine, he did not show an extraordinary and compelling reason for compassionate release. We therefore affirm the judgment of the district court.