NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0311n.06

Case No. 21-1724

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 11, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| MARVIN NICHOLSON, | ) ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: GILMAN, LARSEN, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Marvin Nicholson, proceeding pro se, appeals the district court's denial of his motion for compassionate release. He argues that the court abused its discretion when it did not find an "extraordinary and compelling" reason to modify his sentence after considering a nonretroactive change in the law, his health conditions, and COVID-19. Because the court acted within its discretion, we affirm.

**I.**

As "national enforcer," Marvin Nicholson played a key role in the Phantom Motorcycle Club ("PMC")—an outlaw motorcycle gang and multi-state racketeering enterprise. *United States v. Nicholson*, 716 F. App'x 400, 404, 408 (6th Cir. 2017). The government eventually brought charges against Nicholson and other defendants for their various roles in the gang.

A jury found Nicholson guilty on many counts: Racketeer Influenced and Corrupt Organizations Act Conspiracy, 18 U.S.C. § 1962(d); Assault with a Dangerous Weapon in Aid of

Racketeering, 18 U.S.C. § 1959(a)(3); Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(6); two counts of Use and Carry of a Firearm During, and in Relation to, a Crime of Violence, 18 U.S.C. § 924(c); Conspiracy to Commit Murder in Aid of Racketeering, 18 U.S.C. § 1959(a)(5); Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon, 18 U.S.C. § 111(b); and two counts of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). The district court imposed a sentence totaling 480 months of imprisonment.

Nicholson appealed and this Court affirmed his convictions. *Nicholson*, 716 F. App'x at 423. He subsequently moved to vacate his conviction under 28 U.S.C. § 2255. And Nicholson's appeal of the district court's denial of that motion is now pending before this Court. *See Nicholson v. United States*, No. 21-1768.

Along with his § 2255 motion, Nicholson also moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Relying on the COVID-19 pandemic and his health conditions—including obesity, hypertension, an enlarged thyroid gland, subclinical hyperthyroidism, a plate in his neck, and a fusion in his vertebrae—he argued that he had extraordinary and compelling reasons that warranted a sentence reduction. But the district court disagreed and denied compassionate release.

Even so, Nicholson moved the court to reconsider, arguing that he would have been sentenced to fewer years had it sentenced him *after* Congress amended the First Step Act. But the court denied his motion because it was "based upon a non-retroactive change in the law." (R. 949, Order). Nicholson timely appealed.

**II.**

The "rule of finality" counsels that a district court may not modify a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021) (citation omitted). So much so that we refer to such "[s]entence modifications a[s] the exception, not the rule." *Id.* at 561. With that as the backdrop, compassionate release functions as one exception. *See* 18 U.S.C. § 3582(c).

A compassionate-release motion involves a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). That inquiry requires that the district court find that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). And if each requirement is met, a court may—but need not—reduce a term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). If any of the requirements are not met, however, a court cannot reduce a sentence. *Id.*

We review the district court's denial of compassionate release under the abuse-of-discretion standard. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). That means we reverse only if the court "relie[d] on clearly erroneous findings of fact, use[d] an erroneous legal standard, or improperly applie[d] the law." *Elias*, 984 F.3d at 520 (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)).

**III.**

Nicholson argues that the district court abused its discretion by not finding an "extraordinary and compelling" reason for a sentence reduction. Specifically, he reasons that the

court should have found a reason when considering the combination of his health conditions and a nonretroactive change to the First Step Act.

Start with his health conditions. The district court, in exercising its "discretion to define 'extraordinary and compelling' circumstances," *United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (quoting *Elias*, 984 F.3d at 519–20), explained why Nicholson's factual considerations of his health and COVID-19 don't form an "extraordinary and compelling" reason.

First off, the court "confirm[ed] that his medical conditions are being satisfactorily treated by the [Bureau of Prisons ("BOP")]." (R. 874, Order, at 6.) Next, the court considered statistics about COVID-19 at Nicholson's facility. In particular, it recognized that "the significantly lower number of COVID-positives at [the facility] indicate that the BOP has acted aggressively and successfully to respond to the COVID-19 pandemic at that institution." (*Id.*) And although Nicholson had "previously tested positive for COVID-19," the court noted that he had "recovered." (*Id.*)

All in all, "the severity of [his] condition[s] and [their] associated risks are less than clear." *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021). Indeed, at this point, they have either been or are being treated. What's more, he does not point to any medical condition that the court got wrong. And as far as COVID-19 goes, nothing defeats the fact that "both the likelihood of contracting [the virus] and [its] associated risks . . . are significantly reduced." *Id.* at 751. So Nicholson's health conditions alone do not form an "extraordinary and compelling" reason to modify his sentence.

Next up, Congress's 2018 modification to the First Step Act. *See* Pub. L. 115-391, Title VI, 132 Stat. 5194. Relevant here, Congress amended the "stacking" provision in 18 U.S.C. § 924(c), changing how "second-conviction penalties" work. (Appellant Br. at 1–2; *see Jarvis*,

999 F.3d at 443 (noting that § 924(c) now "limit[s] the kinds of firearm convictions that would count as repeat offenses").) Relying on this nonretroactive change to § 924(c), Nicholson reasons that he would have received a shorter sentence had he been sentenced today instead of back in 2015. And so, he argues that the change in law, combined with other factors, is an "extraordinary and compelling" reason for a sentence reduction.[1]

His argument fails. "Nonretroactive legal developments do not factor into the extraordinary and compelling analysis." *United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022) (en banc), *cert. denied*, No. 22-7210, 2023 WL 3571586 (May 22, 2023); *see Jarvis*, 999 F.3d at 443, 446 (rejecting that "the COVID-19 pandemic and the First Step Act's [nonretroactive] amendments to § 924(c)" create an "extraordinary and compelling" reason to reduce a sentence). So no "extraordinary and compelling" reason comes out of § 924(c)'s change.

And that remains true even when combining the change in law with Nicholson's health conditions and what remains of COVID-19. *See Jarvis*, 999 F.3d at 445 (determining that courts cannot "treat the First Step Act's non-retroactive amendments, whether by themselves *or together with other factors*, as 'extraordinary and compelling' explanations for a sentencing reduction" (emphasis added)). That's because "adding a legally impermissible ground to other insufficient factual considerations cannot entitle a defendant to a sentence reduction." *McCall*, 56 F.4th at

---

[1] He cites several district-court and out-of-circuit cases, all of which were decided before this Court's decision in *United States v. McCall*—which settled in our Circuit that nonretroactive changes in the law cannot form "extraordinary and compelling" reasons to modify a sentence, whether "considered alone or together with other factors." 56 F.4th 1048, 1065–66 (6th Cir. 2022) (en banc), *cert. denied*, No. 22-7210, 2023 WL 3571586 (May 22, 2023). (*See* Appellant Br. at 1 (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *United States v. Taniguchi*, No. 2-00-CR-50, 2020 WL 6390061, at *5 (S.D. Ohio Nov. 2, 2020); *United States v. Young*, 458 F. Supp. 3d 838, 840 (M.D. Tenn. 2020); *United States v. Moore*, 481 F. Supp. 3d 703, 712 (M.D. Tenn. 2020); *United States v. Baker*, No. 10-20513, 2020 WL 4696594, at *4 (E.D. Mich. Aug. 13, 2020)).)

1066 (cleaned up) (rejecting the argument that a nonretroactive change in the law "when combined with COVID-19 and [a defendant's] rehabilitative efforts" creates an "extraordinary and compelling reason" for a sentence reduction). So the district court reasonably found that Nicholson didn't provide an "extraordinary and compelling" reason for a reduced sentence.

## IV.

For these reasons, we affirm.