RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LAWRENCE LANDRUM,

    *Petitioner-Appellant,*

*v.*

CARL ANDERSON, Warden,

    *Respondent-Appellee.*

No. 14-3591

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:96-cv-00641—Thomas M. Rose, District Judge.

Argued: October 7, 2015

Decided and Filed: February 12, 2016

Before: BOGGS, BATCHELDER, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Gerald W. Simmons, Cincinnati, Ohio, for Appellant. Jocelyn Kelly Lowe, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Gerald W. Simmons, Cincinnati, Ohio, Randall L. Porter, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellant. Charles L. Wille, David M. Henry, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Lawrence Landrum appeals the district court's denial of his motion to reopen his petition for habeas corpus under Rule 60(b) of the Federal Rules of Civil Procedure. Landrum argues that, in light of *Martinez v. Ryan*, 132 S. Ct.

1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the alleged ineffective assistance of his post-conviction counsel enables us to examine the merits of his ineffective-assistance-of-trial-counsel claim, that the district court abused its discretion when it denied his Rule 60(b) motion, and that he was denied effective assistance of trial counsel. For grounds other than those relied on by the district court, we affirm.

## I.

Landrum was convicted of aggravated burglary and aggravated murder for breaking into eighty-four-year-old Harold White's apartment and killing him in September 1985. The jury found two death penalty specifications: (1) Landrum committed aggravated murder to escape detection for committing burglary, and (2) Landrum was the principal offender in an aggravated murder while committing or attempting burglary. Evidence at trial established that Landrum and Grant Swackhammer entered White's apartment to burglarize it. After White returned to his apartment and threatened to call the police, Swackhammer struck White repeatedly on the head with a railroad bolt, causing White to fall. Landrum then got on top of him, searched his pockets, and told Swackhammer to get a knife from the kitchen. Later that night, Landrum told friends that he had slit White's throat, but at trial, he testified that he left the room and returned to discover that Swackhammer had killed White. Landrum and Swackhammer took about $80 and pills from White's apartment. The Ohio Supreme Court affirmed Landrum's conviction and sentence in 1990. The United States Supreme Court denied certiorari in 1991.

Landrum filed a petition for state post-conviction relief in 1996. The trial court denied Landrum's petition; the Ohio Court of Appeals affirmed. The Ohio Supreme Court denied further review.

In 1998, Landrum applied to reopen his appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure. The Ohio Court of Appeals denied relief, finding that Landrum failed to show good cause for delaying his application; the Ohio Supreme Court affirmed that decision.

Landrum filed a petition in federal court for a writ of habeas corpus in 1996, an amended petition in 1999, and a second amended petition in 2000. The district court ruled, inter alia, that Landrum did not procedurally default his claim of ineffective assistance of appellate counsel

because Rule 26(B) was not firmly established and regularly followed in Ohio capital cases. The district court granted Landrum a conditional writ on the basis that his counsel was ineffective in the guilt phase for failing to introduce testimony from Rameal Coffenberger that Swackhammer had confessed to cutting White's throat (the Coffenberger claim). Coffenberger was an acquaintance of Swackhammer and Landrum, and had allegedly encountered Swackhammer shortly after the murder, though there is evidence that Coffenberger told police he had not seen Swackhammer after the murder. According to Landrum's trial attorney, Coffenberger, who was incarcerated at the time, reached out to him to disclose "information that could potentially help [Landrum]." Trial Tr. Vol. 7, 128, Feb. 21, 1986, ECF No 282-2.

On appeal, this court reversed the district court's decision to grant Landrum relief based on the Coffenberger claim. *Landrum v. Mitchell*, 625 F.3d 905, 909 (6th Cir. 2010). We held that Landrum procedurally defaulted this claim and did not show cause for his default or prejudice to his defense. *Id.* at 916–19. Landrum's counsel did not raise the claim either on direct appeal or in state post-conviction proceedings, and his application to reopen the direct appeal on the basis of ineffective assistance of appellate counsel was untimely. *Id.* We held that Rule 26(B)'s time constraints and a requirement of "good cause" showing for a late filing were firmly established and regularly followed as of January 1996, and that the procedure for raising claims of ineffective assistance of appellate counsel was well-established by the time Landrum filed his Rule 26(B) application in 1998. *Id.* at 916–17. We further held that Landrum could not rely on ineffective assistance of post-conviction counsel as cause to excuse his default because "there is no constitutional right to an attorney in post-conviction proceedings." *Id.* at 919 (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

In 2012, Landrum filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. He relied on *Martinez* to argue that ineffective assistance of post-conviction counsel excused the procedural default of his claim that trial counsel was ineffective for failing to present the Coffenberger claim in the guilt phase. The magistrate judge recommended granting the motion to reopen so that the district court could consider the merits of the claim. The district court adopted the magistrate judge's report and recommendation and granted Landrum's Rule

60(b) motion.    After the parties briefed the Coffenberger claim, the magistrate judge recommended finding that:   (1) Landrum received ineffective assistance of post-conviction counsel; (2) ineffective assistance excused his failure to present the Coffenberger claim in post-conviction proceedings; (3) the Coffenberger claim had merit; (4) the district court was barred by the law of the case doctrine from granting Landrum habeas relief; and (5) the district court should grant Landrum a certificate of appealability (COA) "so that the Sixth Circuit can reconsider its prior decision in light of *Martinez*."  Report and Recommendations 7–18, ECF No. 277.   In 2014, the district court, over the objections of both parties, adopted the magistrate judge's report and recommendation, denied Landrum relief on the Coffenberger claim based upon the law-of-the-case doctrine, and granted Landrum a COA.

Because we conclude Landrum has not presented a "substantial claim" of ineffective assistance of counsel, we affirm the district court's judgment on alternative grounds.  *See Allen v. Diebold, Inc.*, 33 F.3d 674, 676 (6th Cir. 1994) (noting this court's power "to affirm on alternative grounds not reached by the court below").[1]

## II.

This court reviews a district court's decision to grant or deny a Rule 60(b) motion for abuse of discretion.  *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).  "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment."  *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991)).

---

[1]In our prior decision in *Landrum*, 625 F.3d at 919 n.4, we stated, in dicta, that admission of Swackhammer's confession to Coffenberger could not have prevented Landrum from receiving the death sentence. This conclusion was based on a misinterpretation of state law.  In light of this error and the fact that our statement was dicta, the law-of-the-case doctrine was not a proper ground upon which to deny Landrum relief.  *See United States v. McMurray*, 653 F.3d 367, 375–76 (6th Cir. 2011).

III.

A.

As a preliminary matter, the Warden argues that the district court erred in initially granting Landrum's Rule 60(b) motion. Landrum responds that because the Warden did not raise the issue in a cross appeal, this court lacks jurisdiction to hear it. It is true that, absent a cross-appeal, the appellee "may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." *Smith v. Ky. State Univ.*, 97 F. App'x 22, 25 (6th Cir. 2004) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)). However, this court may consider any arguments that support the lower court's judgment, even if a cross appeal is not filed. *Id.*; *see also Am. Ry. Express Co.*, 265 U.S. at 435–36 ("[T]he appellee may, without taking a cross-appeal, urge *in support* of a decree any matter appearing in the record. . . . [Appellee] does not attack, in any respect, the decree entered below. It merely asserts *additional grounds why the decree should be affirmed*.") (emphasis added); *Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 391 (6th Cir. 2004) (citation omitted). The Warden's argument simply gives additional reasons why this court should affirm the district court's denial of relief, so we will consider this argument.

B.

A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment, and such circumstances rarely occur in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015); *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). "[I]t 'is well established that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief.'" *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014) (quoting *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)); *see also Stokes v. Williams*, 475 F.3d 732, 734–35 (6th Cir. 2007). For example, a change in the Supreme Court's interpretation of the statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) was not an extraordinary circumstance sufficient to reopen a case dismissed under

the Eleventh Circuit's prior interpretation of 28 U.S.C. § 2244(d)(2). *Gonzalez*, 545 U.S. at 536–37.

Landrum argues that, in light of *Martinez* and *Trevino*, ineffective assistance of his post-conviction counsel enables us to examine the merits of the Coffenberger claim. In *Martinez*, the Supreme Court held that ineffective assistance or lack of collateral counsel may constitute cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim. 132 S. Ct. at 1320.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* A substantial claim is one that has some merit or that has some factual support. *Id.* at 1318–19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). *Trevino* applied the *Martinez* exception to Texas "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. at 1921.

This court has not yet determined whether *Trevino* justifies Rule 60(b) relief under Ohio law. *Henness*, 766 F.3d at 557; *McGuire*, 738 F.3d at 751–52. However, we need not decide the issue here because, just as in *Henness* and *McGuire*, Landrum has failed to demonstrate a "substantial claim" of ineffective assistance of counsel. *See Henness*, 766 F.3d at 557; *McGuire*, 738 F.3d at 752.

To prevail on a claim of ineffective assistance of counsel, Landrum must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014); *Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006). Such performance prejudices a defendant in the guilt phase if "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Hinton v. Alabama*,

134 S. Ct. 1081, 1089 (2014) (quoting *Strickland*, 466 U.S. at 695).  To determine whether a defendant was prejudiced, the court must consider all of the evidence presented to the jury.  *See Strickland*, 466 U.S. at 695; *Jackson v. Bradshaw*, 681 F.3d 753, 760 (6th Cir. 2012).  "[A] verdict . . . only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Jackson*, 681 F.3d at 760–61 (quoting *Strickland*, 466 U.S. at 696).

Landrum may have a claim for deficient performance but he cannot establish prejudice arising therefrom.  Landrum's counsel believed that Swackhammer's statement to Coffenberger was inadmissible hearsay that was more objectionable in the guilt phase than the sentencing phase.  Trial counsel's failure to attempt to introduce this statement during the guilt phase cannot be seen as a strategic choice because counsel overlooked strong arguments that Coffenberger's statement was admissible.

The Ohio Supreme Court held that Swackhammer's statement was admissible in the penalty phase as a declaration against interest under Rule 804(B)(3) of the Ohio Rules of Evidence.  *Landrum*, 559 N.E.2d at 719–21.  A declaration against interest may be admitted into evidence as an exception to the hearsay rule if:  (1) the declarant is unavailable; (2) the statement so far tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he or she believed it to be true; and (3) corroborating circumstances clearly indicate its trustworthiness.  Ohio R. Evid. 804(B)(3).  Swackhammer's statement clearly meets the first two requirements, and arguably meets the third.  Swackhammer was unavailable as a witness because he invoked his Fifth Amendment right not to incriminate himself.  His statement was against his interest and tended to subject him to criminal liability because it identified him as the principal offender in White's murder.  Although Swackhammer had already been adjudicated as delinquent by the time of Landrum's trial, his case was on appeal.

Swackhammer's statement was partially corroborated by circumstances concerning the content of the statement and the conditions under which it was made.  *See* Ohio R. Evid. 804(B)(3); *State v. Saunders*, 491 N.E.2d 313, 319 (Ohio Ct. App. 1984).  Coffenberger told one of Landrum's trial attorneys that he spoke with Swackhammer on the day after the murder.

Coffenberger said that Swackhammer told him Swackhammer sneaked up behind White and struck him several times in the head. White fell on Landrum, Landrum caught him and put a choke hold on him. Landrum then put White on the floor and told Swackhammer to watch him as Landrum left the room. When White continued to move, Swackhammer went to the kitchen, got a knife, and cut White's throat. Swackhammer said Landrum was in another room when Swackhammer killed White. No evidence suggests that Coffenberger pressured Swackhammer to speak or that Coffenberger had a motive to aid Landrum. On the other hand, Coffenberger's credibility could have been challenged based on his five felony convictions. In addition, the prosecutor proffered a statement that Coffenberger gave to the police in which he denied seeing Swackhammer the day after the murder.

The content of Swackhammer's statement corresponds to much of Landrum's testimony about how White was killed. Landrum testified that Swackhammer struck White from behind. Landrum struggled with White on the floor as Swackhammer ran into the kitchen and returned with a knife. Landrum threatened White with the knife and went through his pockets. Landrum put the knife down, left the room, and told Swackhammer to watch White. When Landrum returned, there was blood everywhere and White was dead. No blood was found on the clothes Landrum was wearing when he was arrested, two days after the murder. However, Swackhammer's statement does not correspond to the statements of five witnesses who said that Landrum told them he cut White's throat. And there was conflicting testimony regarding whether Landrum changed clothes after the murder. In sum, a case can be made that Coffenberger's testimony would have been admissible during the guilt phase as an admission against interest under Ohio Rule of Evidence 804(B)(3), and that Landrum's counsel performed deficiently by failing to attempt to introduce it.

Nevertheless, considering all of the evidence introduced at trial, there is not a reasonable probability that, had Coffenberger testified about Swackhammer's confession, a factfinder would have acquitted Landrum of the crimes or failed to find that he was the principal offender.[2] Landrum maintained at trial that he did not kill White, but five witnesses testified that Landrum

---

[2]We likewise conclude that there is not a reasonable possibility that had Coffenberger's statement been admitted, the jury would not have found Landrum guilty of the "escaping detection" specification.

told them that he cut the victim's throat and would cut the throat of anyone who told what he had done. Further, though there was no blood on Landrum's clothing at the time of his arrest, there was inconsistent testimony regarding whether he wore those clothes on the day of the murder. This is not a verdict "only weakly supported by the record." *See Strickland*, 466 U.S. at 696. Rather, there is substantial evidence that Landrum, not Swackhammer, killed the victim. Coffenberger's testimony could have created some doubt that Landrum was the principal offender, but on balance, we do not believe that claim is substantial. *Martinez*, 132 S. Ct. at 1319.

Landrum cites two cases from this circuit in support of his proposition that "[a] habeas petitioner suffers prejudice when defense counsel fails to call a witness who would have supported the defendant's testimony." Appellant Br. 41, ECF No. 12. In both cases, however, the prosecutors had a much weaker case than prosecutors in Landrum's case. *Stewart v. Wolfenbarger*, 468 F.3d 338, 361 (6th Cir. 2006) (stating that absent counsel's deficient performance, "[t]he prosecution would have been left with the uncorroborated testimony of [one witness] and the testimony of the victim's brother, who could not even identify the shooter, against Petitioner's three alibi witnesses, who would have testified that Petitioner could not have committed the crime"); *Clinkscale v. Carter*, 375 F.3d 430, 445 (6th Cir. 2004) (noting the "notable weaknesses in the prosecution's case" in concluding that the defendant proved prejudice from counsel's failure to file a timely notice of alibi defense). In light of all the evidence presented to the jury, we cannot conclude that Landrum has a substantial claim of ineffective assistance of counsel. Thus denial of Landrum's Rule 60(b) claim was not an abuse of discretion.

IV.

For the reasons explained above, we affirm the district court's denial of Landrum's Rule 60(b) motion for reasons other than those relied on by the district court.