RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0208p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RONALD JOHNNY-WAYNE MORRELL (20-1238);
RICARDO W. EDMONDS (20-1347); ANTHONY E.
THOMPSON (20-1448); RONALD KENNEDY (20-1752),
                    *Petitioners-Appellees*,

    *v.*

WARDENS,*

                    *Respondents-Appellants*.

⎤
⎟
⎟
⎟
⎟
⎬ Nos. 20-1238/1347/1448/1752
⎟
⎟
⎟
⎟
⎦

Appeals from the United States District Court for the Eastern District of Michigan at Detroit.

Morrell:  No. 2:17-cv-10961—George Caram Steeh, III, District Judge;
Edmonds:  2:18-cv-11691—Sean F. Cox, District Judge;
Thompson:  2:18-cv-13959—Terrence George Berg, District Judge;
Kennedy:  2:17-cv11578—Nancy G. Edmunds, District Judge.

Argued:  July 29, 2021

Decided and Filed:  September 3, 2021

Before:  GIBBONS, STRANCH, and BUSH, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Scott R. Shimkus, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for the Appellants in 20-1448 and 20-1347.  Daniel S. Harawa, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellee Thompson.  James W. Amberg, AMBERG & AMBERG, PLLC, Royal Oak, Michigan, for Appellee Kennedy.  **ON BRIEF:**  Scott R. Shimkus, Jared D. Schultz, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for the Appellants.  Daniel S. Harawa, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellee Thompson.  James W. Amberg, AMBERG & AMBERG, PLLC, Royal Oak, Michigan, for

_____

*DeWayne Burton (20-1238), Randee Rewerts (20-1347 & 20-1752), and O'Bell T. Winn (20-1448) are the wardens currently named as appellants in these appeals.

Appellee Kennedy.  Gary W. Crim, Dayton, Ohio, for Appellee Morrell.  Eugene Zilberman, SMYSER KAPLAN & VESELKA, L.L.P., Houston, Texas, for Appellee Edmonds.

————————————

**OPINION**

————————————

JULIA SMITH GIBBONS, Circuit Judge.  Petitioners Ronald Morrell, Ricardo Edmonds, Anthony Thompson, and Ronald Kennedy each filed a petition for writ of habeas corpus in the Eastern District of Michigan asking for relief based on Michigan's sentencing guidelines.  The district courts held that the petitioners were entitled to relief because they were sentenced under Michigan's formerly mandatory sentencing guidelines that included enhancements for judicially found facts.  The district courts conditionally granted the petitions and remanded petitioners' cases to their respective state trial courts for resentencing.  The state now agrees that Michigan's mandatory guidelines violated the Sixth Amendment and concedes that petitioners are entitled to some form of relief.  The state argues, however, that instead of remanding for resentencing, the district court should have remanded petitioners' cases for a more limited remedy known as a *Crosby* hearing where the trial court determines whether it would have issued a materially different sentence had the Michigan guidelines been advisory rather than mandatory at the time of the original sentencing.  Because the district courts acted within their discretion to dispose of these habeas cases as law and justice require, we affirm the district courts' judgment in each case.

I.

A.

On February 17, 2015, Ronald Morrell pled no contest to 26 counts for his role in an armed home robbery: one count of armed robbery, four counts of unlawful imprisonment, one count of first-degree home invasion, one count of larceny of a firearm, one count of larceny in a building, five counts of felonious assault, and thirteen counts of possession of a firearm during the commission of a felony.  *Morrell v. Burton*, No. 17-10961, 2020 WL 59700, at *1 (E.D. Mich. Jan. 6, 2020).  He was sentenced to concurrent terms of imprisonment of thirty to sixty

years for his armed-robbery conviction, ten to fifteen years for his unlawful-imprisonment and home-invasion convictions, two to five years for his larceny-of-a-firearm conviction, two to four years for his felonious-assault convictions, and two-year prison terms for his felony-firearm convictions, to be served consecutively to his other sentences but concurrently with one another. *Id.* The Michigan Court of Appeals and the Michigan Supreme Court denied Morrell's application for leave to appeal. *People v. Morrell*, No. 330591, 2016 Mich. App. LEXIS 2606 (Mich. Ct. App. Mar. 29, 2016), *leave to appeal denied*, 885 N.W.2d 274 (Mich. 2016) (mem.).

Morrell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 13, 2017. Among other things, Morrell argued that the sentencing court violated his Sixth Amendment right to a jury trial by using judicially found facts to score offense variables under the Michigan Sentencing Guidelines. *Morrell*, 2020 WL 59700, at *1. The district court held that Michigan's sentencing guidelines were unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013). Thus, the district court granted Morrell's petition and ordered "the state trial court to conduct a re-sentencing in conformity with the Sixth Circuit's holding in [*Robinson v. Woods*, 901 F.3d 710, 718 (6th Cir. 2018)]." *Morrell*, 2020 WL 59700, at *4.

The state timely filed a motion to alter or amend the judgment before the district court. The state conceded that Morrell is entitled to some form of relief but challenged the district court's chosen remedy. The state argued that instead of a full resentencing, the court should remand to the state trial court "to allow it to determine whether it would have imposed a materially different sentence if it had not been constrained by the previously mandatory guidelines, given that the guidelines are now advisory." DE 33, Morrell, Mot. to Alter or Amend the J., Page ID 1737. The state's requested relief is referred to as a *Crosby* hearing after *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). After giving Morrell a chance to respond, the district court denied the state's motion to alter or amend the judgment. *Morrell v. Burton*, 17-10961, 2020 WL 746954 (E.D. Mich. Feb. 14, 2020). The state timely appealed.

B.

On August 6, 2013, a Michigan trial court convicted Ricardo Edmonds of one count each of home invasion and aggravated stalking. As a habitual offender, he was sentenced to a

minimum of twenty-one and a half years and a maximum of forty years imprisonment for each conviction. This sentence was based on Edmonds's guideline range, which included three sentencing enhancements for facts not found by the jury. His conviction was affirmed on direct appeal. *People v. Edmonds*, No. 318262, 2014 WL 7157625 (Mich. Ct. App. Dec. 16, 2014), *leave to appeal denied*, 863 N.W.2d 311 (Mich. 2015) (mem.).

Edmonds filed a motion for relief from judgment after the Michigan Supreme Court decided *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), which held that the Michigan Sentencing Guidelines violated defendants' Sixth Amendment right to have a jury find any facts that increase the mandatory minimum sentences. *Id*. at 511. The state court denied Edmonds's motion because it found that *Lockridge* did not apply retroactively. Edmonds's leave to appeal was denied by the Michigan Court of Appeals and Michigan Supreme Court. *People v. Edmonds*, No. 33634, 2017 Mich. App. LEXIS 2215 (Mich. Ct. App. May 12, 2017), *leave to appeal denied*, 910 N.W.2d 250 (Mich. 2018) (mem.).

Edmonds filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May 2018. The district court denied Edmonds's petition because it concluded that it was not clearly established at the time that the Michigan Sentencing Guidelines were unconstitutional. *Edmonds v. Rewerts*, No. 18-11691, 2019 WL 423820 (E.D. Mich. Feb. 4, 2019). This court granted a certificate of appealability on Edmonds's sentencing claim. During the pendency of his appeal, the state conceded that Edmonds was entitled to habeas relief based on Michigan's unconstitutional sentencing guidelines and requested that Edmonds's appeal be held in abeyance while it requested a remand. The district court subsequently granted Edmonds relief on his sentencing claim and ordered "the state trial court to conduct a re-sentencing in conformity with the Sixth Circuit's holding in *Robinson*." *Edmonds v. Rewerts,* No.18-11691, slip op. at 6 (E.D. Mich. Feb. 27, 2020). The state appealed, arguing that the district court should have ordered a *Crosby* remand to the state court rather than a full resentencing.

C.

Anthony Thompson was convicted of second-degree murder, possession of a firearm while under the influence, and possession of a firearm during the commission of a felony.

*People v. Thompson*, No. 319075, 2015 WL 1122675, at *1 (Mich. Ct. App. March 12, 2015). He was sentenced to fifteen to thirty years of imprisonment for second-degree murder, five to fifteen years of imprisonment for possession of a firearm while under the influence, and a consecutive two-year sentence of imprisonment for possession of a firearm during the commission of a felony. *Id.* Thompson alleges that his "entire sentencing proceeding was infected with errors," including multiple inaccuracies in his presentencing report. CA 6 R. 26, Appellee Br., 5. Nevertheless, his convictions were affirmed on direct appeal. *People v. Thompson*, No. 319075, 2015 WL 1122675, *leave to appeal denied*, 869 N.W.2d 611 (Mich. Sept. 29, 2015) (mem.).

Thompson subsequently moved for relief from judgment in the state trial court, arguing that his sentence violated the Sixth Amendment because the trial court engaged in judicial factfinding. The trial court denied Thompson's motion because it held that *Lockridge* did not apply retroactively. The Michigan Court of Appeals and Michigan Supreme Court denied Thompson's application for leave to appeal.

In December 2018, Thompson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court conditionally granted Thompson's petition after finding that Michigan's Sentencing Guidelines were unconstitutional and ordered the Michigan state court to resentence Thompson within 90 days of the date of the opinion. *Thompson v. Winn*, No. 2:18-cv-13959, 2020 WL 1847967 (E.D. Mich. Apr. 13, 2020). The state filed a notice of appeal on May 12, 2020. On May 28, 2020, the state filed a motion for a stay pending appeal arguing for the first time (in this case) that the district court should have ordered a *Crosby* remand instead of a full resentencing.[1] The district court granted the stay.

D.

On May 20, 2013, Ronald Kennedy was convicted of second-degree murder, assault with intent to murder, and domestic violence. *People v. Kennedy*, No. 316985, 2014 WL 6853000, at

---

[1]Thompson argues that the state waived its ability to challenge the district court's chosen remedy because it raised the issue for the first time in its motion to stay after having already filed a notice of appeal. Because we reach the merits of Thompson's case to decide the other three cases in this consolidated appeal, we decline to address Thompson's waiver argument.

*1 (Mich. Ct. App. Dec. 4. 2014). Kennedy was sentenced as a habitual offender to seventy to one-hundred-fifty years of imprisonment for second-degree murder, forty to eighty years of imprisonment for assault with intent to murder, and three to fifteen years of imprisonment for domestic violence. *Id.* Leave to appeal was denied by the Michigan Supreme Court. 863 N.W.2d 76 (Mich. 2015) (mem.).

Kennedy later filed a motion for relief from judgment arguing, like the three other petitioners, that the trial court engaged in judicial factfinding to increase his sentencing guideline range in violation of his Sixth Amendment rights. The state trial court denied his claim because it found that *Lockridge* did not apply retroactively. The Michigan Court of Appeals and Michigan Supreme Court denied Kennedy's motion for leave to appeal. *People v. Kennedy*, No. 333655, 2016 Mich. App. LEXIS 2697 (Mich. Ct. App. Aug. 10, 2016), *leave to appeal denied*, 893 N.W. 2d 609 (Mich. 2017) (mem.).

Kennedy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May 2017. The district court conditionally granted Kennedy habeas relief on his sentencing claim because it found that "*Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment." *Kennedy v. Jackson*, No. 2:17-cv-11578, 2020 WL 3972549 (E.D. Mich. July 14, 2020). The district court ordered the state court "to conduct a re-sentencing procedure in conformity with the Sixth Circuit's decision in *Robinson*," and stated that if the state failed to resentence Kennedy within 120 days, Kennedy could seek an unconditional writ releasing him from custody. *Id*. at *15. The state appealed, and the parties stipulated to stay the 120-day conditional grant period pending the appeal.

On June 11, 2021, this court consolidated these cases for the purpose of submission.

## II.

We review a district court's choice of a habeas remedy for abuse of discretion. *Ewing v. Horton*, 914 F.3d 1027, 1033 (6th Cir. 2019); *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir. 2006).

"Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Landrum v. Anderson*, 813 F.3d 330, 334–35 (6th Cir. 2016) (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)); *see also Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 258 (6th Cir. 2001) ("[D]eference to the district court's decisions 'is the hallmark of abuse of discretion review.'" (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997))). Even under this highly deferential standard, however, a district court abuses its discretion "if it bases its ruling on an erroneous view of the law." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) (quoting *Brown v. Raymond Corp.*, 432 F.3d 640, 647 (6th Cir. 2005)).

## III.

The state's only argument is that the district courts should have crafted petitioners' habeas remedy to allow the respective state trial courts to conduct a limited *Crosby* hearing rather than a full resentencing.[2] The state claims that because the Michigan Supreme Court has said that a *Crosby* hearing is the appropriate remedy for a defendant who was sentenced under the now-unconstitutional Michigan sentencing guidelines, federal courts that grant state petitioners' habeas petitions abuse their discretion when they order a different form of relief for the same constitutional violation.

District courts have "broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Under 28 U.S.C. § 2243, a court issuing a writ of habeas corpus shall "dispose of the matter as law and justice require." "The scope and flexibility of the writ," that allow courts to "cut through barriers of form and procedural mazes[,] have always been emphasized and jealously guarded by courts and lawmakers." *Harris v. Nelson*, 394 U.S. 286, 291 (1969). "The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Id.* The chosen remedy should "cure the constitutional injury

---

[2]In its briefs, the state argued that the district courts abused their discretion by not explicitly remanding the cases for a *Crosby* hearing. At oral argument, the state changed its argument slightly and argued that the district courts' true error was not using the same remand language as this court did in *Robinson*, which the state claims gave the trial court enough discretion to conduct either a *Crosby* hearing or a resentencing. This nuance is immaterial, however, because either way the district courts did not abuse their discretion by ordering resentencing in these cases.

without unnecessarily infringing on competing interests of comity, federalism, and finality." *Ewing* 914 F.3d at 1032–33.

The undisputed constitutional violation justifying habeas relief in these cases was the application of Michigan's former mandatory sentencing guidelines. Until 2015, Michigan's mandatory sentencing guidelines "compel[led] a trial judge" in certain circumstances "to impose a mandatory minimum sentence beyond that authorized by the jury verdict." *Lockridge*, 870 N.W.2d at 511. Where the court found that certain offense variables applied, it had to increase a defendant's guideline range according to those variables even if they were based on facts not admitted by the defendant or found by the jury. *Id.* This inclusion of judicially found facts violated defendants' Sixth Amendment right to a jury trial because any fact that increases defendants' mandatory minimum sentences must be either admitted by the defendant or proven by a jury beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111–12. In *Lockridge*, the Michigan Supreme Court recognized the unconstitutionality of Michigan's sentencing guidelines and made the guidelines advisory rather than mandatory. 870 N.W.2d at 520–21.

After correcting the unconstitutional sentencing guidelines, the *Lockridge* court decided that the proper remedy for defendants who had been sentenced under the unconstitutional sentencing guidelines was to "remand[] to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id*. at 523. Known as a *Crosby* hearing after *United States v. Crosby*, it requires a trial court to conduct a new sentencing hearing only if it finds that it would have imposed a materially different sentence had the guidelines been advisory and not mandatory. *Id.*

The United States Supreme Court has not clearly established whether a defendant sentenced under an unconstitutional sentencing scheme is entitled to a full resentencing or only a *Crosby* hearing. *See Reign v. Gidley*, 929 F.3d 777, 781 (6th Cir. 2019); *see also Nguyen v. Floyd*, Nos. 20-2059/2073, 2021 U.S. App. LEXIS 8861, at *4 (6th Cir. Mar. 25, 2021) ("[T]he Supreme Court has not spoken to this issue, and there is a circuit split concerning whether violations of the Sixth Amendment require a full resentencing or a *Crosby* hearing." (citing *Orrick v. Trierweiler*, No. 1:19-cv-56, 2019 WL 697022, at *8 (W.D. Mich. Feb. 20, 2019)

(collecting cases))). The Supreme Court, however, has a history of ordering resentencing hearings to correct Sixth Amendment violations. *See Alleyne*, 570 U.S. at 117–18; *United States v. Booker*, 543 U.S. 220, 267 (2005).

Additionally, this court has repeatedly permitted remedies other than a *Crosby* remand to correct Sixth Amendment violations. In *Robinson*, we conditionally granted a petitioner's writ of habeas corpus because he was sentenced under the same unconstitutional Michigan guidelines at issue in *Lockridge*. 901 F.3d at 718. We remanded Robinson's case "to the district court with instructions to remand to the state sentencing court for sentencing proceedings consistent with this opinion and the Constitution." *Id.*; *see also Chase v. MaCauley*, 971 F.3d 582, 596 (6th Cir. 2020). In *United States v. Milan*, we ruled that a *Crosby* hearing was unnecessary after finding that a defendant's federal conviction violated the Sixth Amendment because it was based in part on judicially found facts. 398 F.3d 445, 449, 453–54 (6th Cir. 2005); *see also United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005) (remanding a defendant's case for resentencing after "conclud[ing] that the district court's sentencing determinations in this case plainly violate the Sixth Amendment"); *United States v. Bruce*, 405 F.3d 1034 (6th Cir. 2005) (mem.) (vacating the defendant's sentence and remanding for resentencing in light of *Booker*). This line of precedent demonstrates that resentencing will often be an appropriate remedy for a Sixth Amendment sentencing violation.

Nevertheless, the state argues that *Reign v. Gidley* controls this consolidated appeal and requires district courts to permit Michigan courts to conduct a *Crosby* hearing rather than a full resentencing. In *Reign*, we ruled that the state sentencing court's refusal to hold a post-*Lockridge* resentencing hearing was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court and, therefore, was entitled to deference under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 929 F.3d at 780. The court recognized that "[t]here is no Supreme Court decision that clearly requires a sentencing court in this posture to hold a resentencing hearing," and concluded that because fair-minded jurists could disagree on the merits of a *Crosby* hearing versus a full resentencing, Reign's claim failed under the highly deferential AEDPA standard. *Id.* at 780–83. This court has since relied on *Reign* to say that a *Crosby* remand is not contrary to or an unreasonable application of clearly

established federal law. *Farris v. Chapman*, No. 20-1438, 2020 WL 6580482, at \*4 (6th Cir. Aug. 26, 2020); *Redding v. Horton*, No. 20-1150, 2020 WL 8614200, at \*3 (6th Cir. Oct. 6, 2020).

The state misreads the relationship between *Robinson* and *Reign*. According to the state, "if *Robinson* had ordered a specific remedy, and that remedy differed from a *Crosby* remand, this Court would have been precedentially bound to reverse and impose the same remedy in *Reign* the following year." CA 6 R. 18, Thompson Appellant Br., 20–21; *see also* CA 6 R. 29, Morrell Appellant Br., 26; CA 6 R. 13, Kennedy Appellant Br., 20. The state argues that "*Reign* should therefore govern, permitting the state courts to continue remedying *Alleyne* violations with a *Crosby* remand and requiring the *same* remedy when such a violation is found by the federal courts on habeas review." CA 6 R. 18, Thompson Appellant Br., 21; *see also* CA 6 R. 29, Morrell Appellant Br., 26; CA 6 R. 13, Kennedy Appellant Br., 20. The court in *Reign*, however, applied AEDPA deference, so it could have only overturned the state court's decision if it was contrary to or an unreasonable application of federal law *as determined by the Supreme Court of the United States*. *Reign*, 929 F.3d at 780. The fact that *Reign* concluded no clearly established federal law prohibited a *Crosby* remand does not mean that a *Crosby* remand is the required remedy in all cases. *Reign* stands only for the narrow proposition that ordering a *Crosby* hearing to correct a Sixth Amendment violation is not contrary to or an unreasonable application of federal law as determined by the Supreme Court of the United States.

In sum, our precedent shows that federal courts have discretion when remedying Sixth Amendment violations. The state in these cases asks us to transfer the habeas court's discretion to the state court and allow the state court to choose its preferred remedy. To support its argument, the state cites the principles of comity and federalism. The state's reliance on comity and federalism is unavailing. We are not bound by the Michigan Supreme Court's choice of remedy in *Lockridge*. *See Robinson*, 901 F.3d at 716. While comity instructs that the state court should have the first opportunity to correct its error, it does not mean that a federal habeas court conditionally granting relief on a federal constitutional violation is bound by the state court's chosen remedy. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates

federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). Affirming the district courts' conditional grants of relief and chosen habeas remedy in these cases does not offend comity when the state courts had the first opportunity to correct the error but incorrectly held that the rule was not retroactive.

The state also argues that a full resentencing offends federalism because a resentencing hearing requires more state resources than a *Crosby* hearing. For example, the state contends that resentencing requires the state to undergo a new presentence investigation, permit the defendant to file new briefing, and transport the defendant to a court hearing. In contrast, a *Crosby* hearing only requires the sentencing court to "obtain the views of counsel in some form" and does not require the court "to hold a hearing on the matter," or "have the defendant present when it decides whether to resentence the defendant." *Lockridge*, 870 N.W.2d at 524. The primary goal of a habeas remedy is to cure the constitutional violation, *Ewing*, 914 F.3d at 1032–33, which in this appeal was the application of mandatory sentencing guidelines based in part on judicially found facts. There are valid reasons why a court may decide that a full resentencing hearing, which allows a defendant to appear in court and make new arguments based on the advisory guideline range, more effectively cures the constitutional violation than a more limited *Crosby* hearing. *See Reign*, 929 F.3d at 781 ("[B]y depriving him of a full resentencing hearing, the sentencing court deprived [the petitioner] of the chance to make an argument that the court should depart from the guidelines under a sentencing scheme where such departures were more likely."). The fact that a full resentencing may require more state resources than a *Crosby* hearing is insufficient to find that ordering a resentencing is an abuse of discretion.

Accordingly, it was not an abuse of discretion for the district courts here to remand petitioners' cases for a full resentencing rather than a *Crosby* hearing. "As [the district courts] took action only after [Michigan] had decided, by its inaction, not to provide the petitioner[s] with appropriate relief, and as its ultimate choice of remedy lay squarely within [their] constitutional authority, the district court[s] did not abuse [their] discretion." *Gentry*, 456 F.3d at 697.

IV.

We affirm the district courts' judgments.