NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0012n.06

Case No. 21-2675

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEITH KENNEDY,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 05, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

Before:  GIBBONS, ROGERS, and NALBANDIAN, Circuit Judges.

GIBBONS, Circuit Judge.  Keith Kennedy appeals the district court's denial of his motion for reconsideration of compassionate release denial.  The district court found that Kennedy's health conditions and confinement during the COVID-19 pandemic did not constitute extraordinary and compelling reasons warranting release, particularly given his refusal to be vaccinated.  The district court did not abuse its discretion by holding that Kennedy lacks extraordinary and compelling reasons warranting compassionate release.  We affirm.

I.

On September 4, 2020, Kennedy was sentenced to 36 months' imprisonment after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 18 U.S.C. § 846.  Kennedy moved for compassionate release on April 6, 2021, arguing his medical conditions, the global pandemic, his conditions of confinement, and the factors listed in 18 U.S.C. § 3553(a) warranted release.  Kennedy was offered and declined a COVID-19 Pfizer

vaccine four days before moving for compassionate release. The district court denied Kennedy's motion for compassionate release because "his access to the COVID-19 vaccine mitigates the concern about extraordinary and compelling medical conditions that might otherwise compel release." DE 145, Order Denying Compassionate Release, Page ID 981.

Kennedy moved for reconsideration, arguing his reservations about the vaccine are reasonable, his health conditions warrant release regardless of his vaccination status, and the vaccine's efficacy rates for new variants are unknown. The district court noted that under the then-current local rules, a motion for reconsideration requires the movant to demonstrate a "palpable defect," the correction of which will "result in a different disposition of the case." DE 150, Order Denying Reconsideration, Page ID 1048. The court denied Kennedy's motion for reconsideration because he failed to demonstrate a palpable defect in the court's order denying his motion for compassionate release. Kennedy appeals the district court's order denying his motion for reconsideration.

## II.

A district court's denial of compassionate release is reviewed for abuse of discretion. *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *Landrum v. Anderson*, 813 F.3d 330, 334 (6th Cir. 2016)).

The "compassionate release" provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), allows district courts to reduce incarcerated persons' sentences in "extraordinary and compelling"

circumstances. *Jones*, 980 F.3d at 1104–06 (discussing the history of compassionate release and the implementation of the First Step Act). Prior to the First Step Act, the exact contours of what constituted an "extraordinary and compelling" circumstance warranting release was defined by U.S.S.G. §1B1.13. *Id.* at 1108–09. But, in *Jones*, this court held that "[u]ntil the Sentencing Commission updates §1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109. Section 1B1.13 is yet to be updated, so the district court has discretion to determine whether the "extraordinary and compelling" threshold has been met.

On appeal, as in the district court, Kennedy claims his "health conditions and confinement during the COVID-19 pandemic are extraordinary and compelling reasons warranting release" because the "combination of his conditions has a compounding effect that places him in extremely serious danger." CA6 R. 6, Appellant Br., at 12. He argues that "[a]s a 49-year old [sic] obese Black man with [chronic obstructive pulmonary disease ("COPD")], sleep apnea, hypertension, thyroid issues, hepatitis c, and borderline diabetes," he is particularly susceptible to serious illness or death if he contracts COVID-19. *Id.* Kennedy further claims his decision to decline vaccination is reasonable and does not negate his extraordinary and compelling reasons for release.

The Centers for Disease Control acknowledges that certain underlying medical conditions, like obesity and COPD, can increase the risk of severe COVID-19. *See, e.g.,* People with Certain Medical Conditions, Centers for Disease Control (last updated Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Long-standing systemic health and social inequities, such as those cited by Kennedy, also put certain minorities at an increased risk of serious illness from COVID-19. *See,*

*e.g.*, *id*. But these risks can be significantly ameliorated by vaccination, and the district court correctly explained that "defendants may not perpetuate their own extraordinary and compelling circumstances for compassionate release by declining [the Bureau of Prison's] attempt to protect them." DE 150, Order Denying Reconsideration, Page ID 1048–49 (relying on January 2021 data showing that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19).

Kennedy explains his reluctance to receive a vaccine stems from the country's broader public health failures in rolling out the vaccine. He points to mixed messaging surrounding the vaccines' safety and efficacy, which has led to a lack of vaccination among health care and Bureau of Prison workers, and to the history of medical experimentation on prisoners and Black Americans. Kennedy also points to the lack of information in the closed environment in which he and other incarcerated people live, which makes it particularly difficult to research and make an informed decision about vaccination. Kennedy also cites the unknown efficacy rates of the currently available vaccines against new viral variants.

But the district court carefully considered the complex social and racial elements at play; it exercised its discretion and ultimately concluded that these circumstances do not rise to the "extraordinary and compelling" level that warrants release. In doing so, the district court did not rely on clearly erroneous findings of fact, apply the law improperly, or use an erroneous legal standard. Rather, it exercised its judgment and reached a well-reasoned conclusion with explicit and clear reasoning. *See Jones*, 980 F.3d at 1114 ("District judges maintain an 'obligation to provide reasons' in . . . sentencing-modification decisions . . . . Even when sentence-modification cases appear straightforward, we nonetheless encourage judges to be explicit and particular with their factual reasoning." (internal citations omitted)).

This court recently joined the Seventh Circuit in holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). "But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id.*; *see also Broadfield*, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

Kennedy does not justify his refusal to receive the vaccine with reasons that could allow us to conclude the district court abused its discretion. Remaining at an elevated risk due to his refusal to be vaccinated is not an extraordinary or compelling justification. As genuinely held as Kennedy's concerns may be, they do not rise to the level that would render the district court's denial of compassionate release an abuse of discretion.

III.

For these reasons, the district court did not abuse its discretion in denying Kennedy's motion for reconsideration of its denial of his motion for compassionate release. We affirm.